31040. FLETCHER *v.* THE STATE.

DECIDED OCTOBER 18, 1945.

</div>

*J. L. Wallace,* for plaintiff in error.

*Vaughn Terrell, solicitor,* contra.

BROYLES, C. J. Richard Fletcher was tried on an accusation which charged that, in Floyd County, Georgia, on May 27, 1945, he "did unlawfully be and appear in an intoxicated condition upon public streets and highway of said county, to wit, at Lindale, at or near the auditorium, on the Rome to Lindale Highway, the same being a public place, [and said intoxication] was made manifest by boisterousness, by indecent condition and acting, by vulgar, profane, and unbecoming language and by loud and violent discourse." He was convicted of the offense charged; his motion

for new trial, containing only the general grounds, was overruled; and that judgment is assigned as error. Upon the trial, the undisputed evidence disclosed that the defendant, when arrested, was not on the Rome to Lindale Highway, and that none of the witnesses who testified in the case had seen him, on the occasion in question, upon that highway. In his brief, the solicitor who prosecuted the defendant admits the truth of the above statement, and says: "Had the defendant not made a statement, it must be admitted that there would not be sufficient evidence to authorize his conviction, as no one testified who saw him on the highway that leads from Rome to Lindale. But the defendant's statement supplied the missing link. He stated: 'I had been at the ball park at Lindale. When I left there, I went to the stand and got some sandwiches.' Roy Floyd, recalled, testified: 'You cannot go from the ball park to the auditorium without crossing the Rome and Lindale road.'" The solicitor contends that, under the above-quoted statement of the accused and the testimony of Roy Floyd, when recalled as a witness, the defendant's conviction was authorized. We cannot agree with that contention.

The entire statement of the defendant was as follows: "I had been down at the ball park at Lindale. When I left there, I went to the stand and got some sandwiches. I had drank only two bottles of beer. I was not drunk." There is no evidence as to how long the defendant remained at the ball park, no evidence that he was drunk while there, no evidence as to when or how he arrived at the auditorium, and no evidence as to how long it was after he reached the auditorium before he was found to be drunk. So far as the record discloses, he may have been sober when he crossed the highway (if he did cross it), and have gotten intoxicated after said crossing.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*